IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


MICHAEL JEROD WILLIAMS,           )
                                  )
        Plaintiff,                )
                                  )
VS.                               )         No. 15-2612-JDT-tmp
                                  )
BILL OLDHAM, ET AL.,              )
                                  )
        Defendants.               )

---

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On September 15, 2015, Plaintiff Michael Jerod Williams, who was, at the time, incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Plaintiff filed the necessary documentation, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) That order also directed Plaintiff to notify the Court immediately of any change of address. (*Id.* at 3.)

On July 28, 2016, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to amend within thirty days. (ECF No. 7.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 11.) However, on August

26, 2016, the copy of the order of dismissal sent to Plaintiff at the Jail was returned undeliverable, marked "Return to Sender," "Unable to Forward" and "RTS Release." (ECF No. 8-1.) Plaintiff has submitted no change of address. Plaintiff also has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the July 28, 2016, order of dismissal.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to

2

dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE